# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GORDON MCNEELY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-849 |
| | § | |
| TRANS UNION LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Gordon McNeely's 12(f) motion to strike defendant Nationstar Mortgage, LLC's ("Nationstar") affirmative defenses. Dkt. 11. Nationstar responded and McNeely replied. Dkts. 17, 19. Having considered the motion, response, reply, and applicable law, the court is of the opinion that McNeely's motion (Dkt. 11) should be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

McNeely holds a loan with Nationstar. Dkt. 1 at 3. In June 2016, McNeely learned that his credit reports contained inaccurate payment history regarding this loan. *Id.* When McNeely learned of the errors, he disputed the errors with the consumer reporting agencies. *Id.* at 4. McNeely alleges that Nationstar failed to properly report his information and investigate his credit dispute. *Id.* at 4–7. McNeely sued Nationstar under the Fair Credit Reporting Act. *Id.*

Nationstar pled nine affirmative defenses in its answer to the complaint, including statute of frauds and conditions precedent. Dkt. 8 at 13–14. McNeely moves to strike all of Nationstar Mortgage's affirmative defenses. Dkt. 11.

## II. LEGAL STANDARD

McNeely argues that Nationstar did not plead enough facts to support its affirmative defenses under *Twombly*. Dkt. 11-1 at 6. Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The standard for sufficiency of affirmative defenses has been the subject of much debate, as this court has previously acknowledged:

> Whether affirmative defenses are subject to the fair notice standard set forth in *Conley v. Gibson* or the heightened pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* is unsettled law in the Fifth Circuit. *Compare Brink*, 2011 WL 835828, at *3 (applying the plausibility standard to assess the sufficiency of affirmative defenses), *with Rodriguez v. Physician Lab. Servs.*, LLC, No. 7:13-CV-622, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014) (Alvarez, J.) (applying the fair notice standard to assess the sufficiency of an affirmative defense). The heightened pleading standard set forth in *Twombly* and *Iqbal* requires a complaint to plead "more than labels and conclusions," providing "factual content that allows the court to draw [a] reasonable inference" that the claim is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 128 S. Ct. 1937 (2009). In contrast, the *Conley* pleading standard requires "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) (citation omitted).

*Franks v. Tyhan*, No. H-15-191, 2016 WL 1531752, at *2 (S.D. Tex. Apr. 15, 2016) (Miller, J.). However, the Fifth Circuit has applied the fair notice standard in opinions after *Twombly* and *Iqbal*, suggesting that the lesser standard of fair notice is the appropriate standard for affirmative defenses. *See, e.g.*, *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394 (5th Cir. 2014); *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 Fed. App'x 458 (5th Cir. 2013). Further, this court recently revisited the issue, explaining that "[u]nder Rule 8(c), a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL

3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.) (quotations omitted) (citing *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)); *see also Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (holding that affirmative defenses are subject to the fair notice standard). The fair notice requirement is met if the defense is "sufficiently articulated . . . so that the plaintiff [is] not a victim of unfair surprise." *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993) (citing *Bull's Corner Rest. v. Dir., FEMA*, 259 F.2d 500, 502 (5th Cir. 1985)). Thus, the applicable pleading standard for affirmative defenses is whether the defense is pled with enough specificity to give the plaintiff fair notice of the defense.

### III. ANALYSIS

**A. Conditions precedent, statute of frauds, and equitable doctrines defenses**

Nationstar pled an affirmative defense of failure to satisfy conditions precedent. Dkt. 8 at 13. However, Nationstar did not specify what conditions precedent McNeely failed to satisfy. Nationstar only stated that "[p]laintiff's claims are barred, in whole or in part, because [p]laintiff has failed to satisfy conditions precedent." *Id.* Nationstar also pled an affirmative defense based on the statute of frauds. *Id.* at 14. Again, Nationstar did not allege how the statute of frauds was implicated. Nationstar only stated that "[p]laintiff's claims are barred, in whole or in part, by the statute of frauds." *Id.* at 14. Further, Nationstar pled an affirmative defense based on the applicable equitable doctrines. *Id.* Specifically, Nationstar pled that "[p]laintiff's claims are barred, in whole or in part, by the applicable equitable doctrines of waiver, estoppel, laches, set-off, in pari delicto, and/or unclean hands." *Id.* This court has previously held that when a defendant does not plead what right the plaintiff has waived, the waiver defense is insufficiently articulated and may be struck. *Joe Hand Promotions, Inc.*, No. H-16-3696, 2017 WL 3130581, at *3. Additionally, Nationstar does not specify which equitable doctrine it intends to assert as a defense. These defenses are

3

insufficiently articulated and risk unfair surprise against McNeely. The court concludes these defenses do not provide the plaintiff with fair notice.

Given the vagueness of the conditions precedent, statute of frauds, and equitable doctrines defenses, the motion to strike is GRANTED without prejudice to Nationstar's right to seek leave to amend its answer.

**B. Reservation of right to assert additional defenses**

Nationstar pled an affirmative defense of the reservation of the right to assert unnamed defenses. Dkt. 8 at 14. This court has previously found that "[a] party cannot reserve the right to assert other affirmative defenses in the future." *Joe Hand Promotions, Inc.*, No. H-16-3696, 2017 WL 3130581, at *3. To add an affirmative defense, the defendant must amend its pleadings in accordance with Rule 15 of the Federal Rules of Civil procedure. *Id.*; Fed. R. Civ. P. Rule 15.

The motion to strike the reservation of rights to assert additional defenses is therefore GRANTED.

**C. Remainder of defenses**

Nationstar pled affirmative defenses of statute of limitations, failure to mitigate damages, contributory negligence, bona fide/good faith error, and a defense based on the conduct of the plaintiff and "entities over which Defendant has no control." Dkt. 8 at 13–14. However, the court concludes that these affirmative defenses do provide the plaintiff with fair notice.

Merely pleading the name of some affirmative defenses may be sufficient to provide the plaintiff with fair notice. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (noting, for example, that pleading "contributory negligence" without extensive factual allegations is sufficient); *Franks*, 2016 WL 1531752, at *3 (Miller, J.); *see also Tran*, 2010 WL 723633, at *2 (holding that merely pleading "failure to mitigate" gave the plaintiff fair notice of the defense). This is because

the "[i]nformation necessary to plead more specifically is in the possession of the plaintiffs and others; the defendants can only obtain that information through discovery." *Id.* (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009)). Accordingly, the motion to strike the remainder of Nationstar's defenses is DENIED.

### III. CONCLUSION

McNeely's motion to strike affirmative defenses (Dkt. 11) is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to the conditions precedent defense, statute of frauds defense, equitable doctrines defense, and reservation of rights defense. The reservation of rights defense is DISMISSED WITH PREJUDICE. The conditions precedent defense, statute of frauds defense, and equitable doctrines defense are DISMISSED WITHOUT PREJUDICE.

McNeely's motion to strike affirmative defenses is otherwise DENIED.

Signed at Houston, Texas on January 28, 2019.

_____
Gray H. Miller
Senior United States District Judge